UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAD NICHOLAS GROOVER, and                                    CIVIL ACTION
LARRY GROOVER                                                 NO. 07-0252

VERSUS

CAMP DRESSER & MCKEE, INC. AND                                SECTION M
WILLIAM E. ROUEGE, ET AL.

**ORDER**

Before the Court are two motions for summary judgment filed by Defendants Omni Pinnacle, L.L.C. (Omni), and Cahaba Disaster Recovery, L.L.C. (Cahaba) and Colony Insurance Co.  Both motions are opposed by Plaintiffs and came for hearing on October 1, 2008, with oral argument.  After consideration of the motions, the briefs and arguments of all counsel, as well as the applicable law,  the Court grants both motions.

I

On December 7, 2006, Chad Groover, who was removing debris  in St. Tammany Parish following Hurricanes Katrina and Rita, was electrocuted and subsequently died from his injuries on June 5, 2007. Larry Groover, Chad's brother,  who witnessed the accident, and Amber Lee Wells and Laura Cristina Marcado, natural guardians of Chad Groover's minor children, have brought bystander, survival and wrongful death actions against the defendants, several entities hired by St. Tammany Parish for disaster recovery services including debris

removal.

Two of these defendants, Omni and Cahaba, bring these motions for summary judgment alleging that because Chad Groover was injured in the course and scope of his employment, they were statutory employers of Groover, entitled to immunity from any and all tort claims, and Groover is limited to relief in the form of workers' compensation.  This Court agrees with that contention.

II

Pursuant to Louisiana's "two contract theory" of defense, a general contractor is exempt from tort liability to a subcontractor's employee if the general contractor subcontracts for the performance of all or part of the general contract to said subcontractor.  *See* La. R.S. 23: 1032(A)(1)(a); *see also* La. R.S. 23:1061(A)(2).

In this case, St. Tammany Parish entered into a contract with Omni to provide all labor and materials for various types of debris removal and disposal including waterway debris removal and private property demolition and debris removal.  Omni in turn subcontracted with Cahaba for private property demolition and debris removal.  Cahaba then entered into a subcontract with Sure Form, Inc. (Sure Form) which included the removal of stumps, logs and limbs from the Right of-way as assigned and directed.  Sure Form then hired Groover Tree Service to cut down trees and branches.  On the day of the accident, Groover was working for Groover Tree Service removing tree limbs as assigned by Sure Form.

Both defendants allege that this is precisely the contractual relationship which gives rise to the two-contract statutory employer defense.  The two-contract theory of statutory employment immunity applies when the principal enters into a contract with a third party and pursuant to that contract, work must be performed and in order for the principal to fulfill its

contractual obligation to perform the work, the principal enters into a subcontract of all or part of the work performed.  See Allen v. State of Louisiana through the Ernest N. Morial-New Orleans Exhibition Hall Authority, 842 So. 2d 373, 378-379 (La. 2003).  As a result, Groover's claims against Omni and Cahaba fall exclusively under the Louisiana Workers' Compensation Act.

Plaintiffs' reliance on La. R.S. 39:1515 is misplaced.  As well, the contention that Omni's contract with St. Tammany Parish may be in violation of Louisiana's Public Bid Laws is irrelevant to this workers' compensation case.

III

The Court is aware of the harsh impact of its determinations in this tragic case.  The necessity for the upholding of the *quid pro quo* of tort immunity is solidly in place in Louisiana - and rightly so - from a sociological and legislative standpoint.

The fact that there may be some indication of possible impropriety concerning the arrangements between the parties has no legal bearing on the matters here at issue.  Defendants are not affected by the need for clean hands when seeking equity.  Here, their claim of immunity from plaintiffs' claims rest on a rock solid legal base which the Court is obliged to acknowledge.

 **Accordingly**, the Motions for Summary Judgment (#166,#169) are **GRANTED**; the Defendants Omni and Cahaba are dismissed, each party to bear its own costs.

New Orleans, Louisiana, this 7th day of October, 2008.

Peter Beer
United States District Judge